USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

FELIX HERNANDEZ,

               Petitioner,         07 Civ. 4593

   -against-                           OPINION

UNITED STATES OF AMERICA,

               Respondent.

-------------------------------------X

A P P E A R A N C E S:

    Attorneys for Petitioner

    LAW OFFICES OF SAGHIR
    1497 E. 15th Street
    Brooklyn, NY  11230
    By:  Uzmah Saghir, Esq.


    Attorneys for Respondent

    MICHAEL J. GARCIA
    United States Attorney for the
      Southern District of New York
    U.S. Attorney's Office, SDNY
    One St. Andrew's Plaza
    New York, NY 10007
    By:  Kenneth Allen Polite, Jr. Esq.

**Sweet, D.J.**

Felix Hernandez ("Hernandez" or the "Petitioner") has filed a petition under Title 28, United States Code, Section 2255 to vacate or set aside his conviction on the basis of ineffective assistance of counsel. His petition has been opposed by the Government and is denied for the reasons set forth below.

**Prior Proceedings**

On October 3, 2003, Hernandez was charged in a criminal complaint with conspiracy to distribute heroin, in violation of Title 18, United States Code, Section 846. On October 21, 2003, a grand jury returned an eight-count indictment against Hernandez and several other co-conspirators (the "Indictment"). The Indictment charged Hernandez with conspiring to distribute and possess with intent to distribute one kilogram and more of heroin, five kilograms and more of cocaine, 50 grams and more of crack cocaine, and pills containing Methylenedioxymethamphetamine (a/k/a ecstacy), in violation of Title 18, United States Code, Section 846 (Count One); distributing and possessing with intent to distribute approximately 120 glassine

1

envelopes of heroin, in violation of Title 21, United States Code, Sections 842, 841(a)(1), and 841(b)(1)(c) (Count Six); and distributing and possessing with intent to distribute approximately one kilogram of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B), and Title 18, United States Code, Section 2 (Count Eight).

In a letter dated May 25, 2004, Hernandez and the Government entered into a written plea agreement (the "Plea Agreement") under which Hernandez agreed to plead guilty to Count One of the Indictment. The Plea Agreement stipulated that the base offense level was 32, that a two-level reduction would be warranted, assuming Hernandez clearly demonstrated acceptance of responsibility through his allocution and subsequent conduct prior to the imposition of a sentence, and that an additional one-level reduction would be warranted because Hernandez gave timely notice of his intention to plead guilty. The Plea Agreement stated that based upon the information then available, Hernandez had no criminal history points.

Additionally, the Plea Agreement stated that based upon the information then available, Hernandez

appeared to satisfy the conditions set forth in Title 18, United States Code, Section 3553(f), for relief from the statutory minimum sentence provision. Accordingly, the Government recommended that Hernandez be sentenced pursuant to the Sentencing Guidelines without regard to any statutory minimum sentence. Based on this recommendation, the Plea Agreement stated that, pursuant to U.S.S.G. § 2D1.1(b)(6), Hernandez would be entitled to an additional two-level reduction in offense level. That analysis resulted in a total offense level of 27 for Count One. The resulting Adjusted Sentencing Guidelines Range in the Plea Agreement was 70 to 87 months.

The Plea Agreement also limited Hernandez's ability to appeal his sentence as follows:

> [T]he defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range of 120 months' imprisonment.[1] This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing

---

[1] During the plea hearing, both the Government and Hernandez's counsel confirmed that the waiver applied to any sentence within or below the Stipulated Guidelines Range of 120 months' imprisonment. Plea Tr. at 13.

3

>calculation that is inconsistent with (or not addressed by) the above stipulation.
>
>The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty.

Gov't. Mem. in Opp., Ex. C, at 4.

On June 3, 2004, Hernandez pled guilty to Count One before Magistrate Judge Henry B. Pitman. Judge Pitman conducted a careful and thorough guilty plea proceeding which complied in all aspects with Rule 11 of the Federal Rules of Criminal Procedure.

Hernandez was placed under oath and testified that he was satisfied with his attorney and understood the Plea Agreement. Hernandez assured Judge Pitman that he understood the specifics of the charges to which he was pleading guilty. He stated that he understood the sentencing package as described, and that he had gone over it with his attorney. The Court confirmed that Hernandez understood that he faced possible deportation as a result of his guilty plea. Judge Pitman accepted Hernandez's guilty plea and recommended that the plea be accepted. On July 21, 2004, the recommendation and plea of Judge Pitman were accepted.

4

Prior to Hernandez's sentencing hearing, a sentencing opinion was issued and on May 23, 2005, a sentencing hearing was held.

Hernandez's attorney expressed gratitude for the Court's decision to sentence Hernandez well below the Guidelines range. The Government objected to the imposition of a sentence below the range of 70 to 87 months that the parties had agreed to in the Plea Agreement. As set forth in the sentencing opinion, a term of 50 months' imprisonment, a three-year term of supervised release, and a mandatory $100 special assessment were imposed.

Hernandez served his sentence and was released from the custody of the Bureau of Prisons on or about May 23, 2007, and is currently detained in the custody of Immigration and Customs Enforcement in the House of Correction in South Bay, Boston, Massachusetts.[2]

---

[2] Although he filed this petition while in the custody of the Federal Bureau of Prisons, Hernandez is no longer incarcerated pursuant to his sentence and is in immigration custody. Nonetheless, because he was sentenced to a three-year period of supervised release, he is considered "in custody" for the purposes of § 2255. See Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994); United States v. Brumigin, No. 03 Cr. 901 (CPS), 2007 U.S. Dist. LEXIS 82852, at *5 (E.D.N.Y. Nov. 7, 2007).

5

Hernandez filed his 2255 petition on May 3, 2007, alleging ineffective assistance of counsel on the grounds that he was advised that he could plead guilty and maintain the possibility of avoiding deportation while, under his plea, deportation was a certainty. According to Hernandez, had his advice been accurate, he would not have pled guilty. The Government's response was received and the petition marked fully submitted on September 6, 2007.

**Relief Under Section 2255 Has Been Waived**

The Second Circuit has held that a defendant's waiver of his right to appeal or collaterally attack a sentence within an agreed-upon Guidelines range is generally enforceable. See, e.g., United States v. Fisher, 232 F.3d 301, 303 (2d Cir. 2000); United States v. Djelevic, 161 F.3d 104, 106-107 (2d Cir. 1998); see also Formisano v. United States, No. 05 Civ. 574 (RCC), 2006 WL 963799, at *1-2 (S.D.N.Y. Apr. 13, 2006). "Where the record clearly demonstrates that the defendant's waiver of [his or her] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004).

6

Hernandez expressly waived his right to collaterally attack his sentence. In the Plea Agreement, he agreed to "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 . . . any sentence at or below the Stipulated Guidelines Sentence of 120 months." The Court sentenced the defendant to 50 months' imprisonment, well below the Stipulated Guidelines Sentence. Hernandez cannot, therefore, challenge his sentence now.

Hernandez's guilty plea was made knowingly and voluntarily. During the plea allocution, the Court confirmed that Hernandez had reviewed the Plea Agreement and that he was satisfied that he understood it before he signed it. The Court explained the Stipulated Guidelines Sentence and the Adjusted Sentencing Guidelines Range and the fact that neither was binding on the Court. The Court specifically confirmed that Hernandez understood that he was giving up his right to file a 2255 petition if he was sentenced within the range established by the Stipulated Guidelines Sentence:

>  THE COURT: Mr. Hernandez, let me ask you again, do you understand that as part of your agreement with the Government you are giving up any right you might otherwise have to challenge your sentence so long as the sentence does not exceed 120 months', or 10 years', imprisonment? Do you understand that?
>
>  THE DEFENDANT: Yes.

(Plea Tr. at 13).

Pursuant to an enforceable Plea Agreement and a knowing and voluntary plea, Hernandez relinquished his right to collaterally attack his sentence, which fell within the stipulated sentencing range.

**The Strickland Standard**

Hernandez asserts a violation of his Sixth Amendment right to effective assistance of counsel because his attorney allegedly advised him that despite the terms of his guilty plea, he "could possibly avoid being deported based on his history of paying taxes, his status as a permanent United States Resident, and the fact that [he] has a number of children who are citizens of the United

8

States." Petr's. Decl. ¶4. Hernandez claims that had he not been so advised, he would not have pleaded guilty. Petr's. Decl. ¶ 7.

Under the framework established in Strickland v. Washington, 466 U.S. 668 (1984), a defendant who collaterally attacks his sentence or plea by alleging ineffective assistance of counsel must prove (a) cause, i.e., that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," id. at 688, and (b) prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. See also Hill v. Lockhart, 474 U.S. 52, 57-58 (1985). When applying the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. The Court must make every effort "to eliminate the distorting effects of hindsight." Id. at 689-690; see also United States v. Aguirre, 912 F.2d 555, 563 (2d Cir. 1990) ("The question is not whether some other course would have been more successful . . . . [but] whether counsel's conduct of the defense was a reasonable

9

course at the time and came within the standards for acceptable representation.").

As to cause, a reviewing court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that 'there are countless ways to provide effective assistance in any given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same way.'" Aguirre, 912 F.2d at 560 (quoting Strickland, 466 U.S. at 689). Strickland directs the Court "to consider all the circumstances counsel faced at the time of the relevant conduct and evaluate the conduct from counsel's point of view." Davis v. Greiner, 428 F.3d 81, 88 (2d Cir. 2005) (citing Strickland, 466 U.S. at 688-89).

As to prejudice, Hernandez must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. "[T]he 'prejudice' component of the Strickland test

10

. . . focuses on the question [of] whether counsel's deficient performance renders the result of the . . . proceeding unreliable or the proceeding fundamentally unfair." Williams v. Taylor, 529 U.S. 362, 393 n.17 (2000).

**The Strickland Standard Has Not Been Met**

As to cause, the Second Circuit has held that an attorney's failure to inform a client of deportation consequences of a guilty plea does not constitute ineffective assistance of counsel. See United States v. Santelises, 509 F.2d 703, 704 (2d Cir. 1975) (per curiam). However, in United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002), the Second Circuit made clear that "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is . . . unreasonable."

Hernandez has not established that counsel made an affirmative misrepresentation regarding the deportation consequences of his guilty plea. In his petition, Hernandez claims ineffective assistance of counsel based on his attorney's advice that Hernandez could plead guilty

11

while still maintaining some possibility of avoiding deportation. Hernandez asserts that his attorney's advice was incorrect, and that instead, his deportation was a certainty as a result of his plea and conviction. However, his attorney's advice was correct.

Because Hernandez had full status as a permanent resident at the time of his offense, deportation was not automatic in his case. See 8 U.S.C. § 1228(b)(2) & (5) (eliminating Attorney General's discretion in the deportation of non-permanent resident aliens and conditional permanent resident aliens who are convicted of aggravated felonies); Ubiera v. United States, No. 05 Civ. 4225 (DLI), 2007 U.S. Dist. LEXIS 13329, at *10-11 (E.D.N.Y. Feb. 27, 2007) (finding that "[t]he elimination of the Attorney General's discretion in the deportation of aliens convicted of aggravated felonies is limited to non-permanent resident aliens and conditional permanent resident aliens" and noting that "the Second Circuit's decision in Couto did not decide whether § 1228 is also applicable to permanent resident aliens"); see also Bamba v. Rile, 366 F.3d 195, 200 (3d Cir. 2004) ("8 U.S.C. § 1228(b) . . . applies to aliens convicted of an aggravated felony who are not lawfully admitted for permanent

12

residence."); United States v. Arrieta, 224 F.3d 1076, 1080-81 (9th Cir. 2000) (holding that "[t]he structure of the Immigration and Nationality Act, and the placement of § 1228(b)(5) within it, support[s] the conclusion that it reaches only aliens subject to expedited removal."). Counsel's statement that Hernandez "could possibly avoid being deported based on his history of paying taxes, his status as a permanent United States Resident, and the fact that [Hernandez] has a number of children who are citizens of the United States," (Petr.'s Decl. at ¶4), was in fact accurate. Because his counsel did not misrepresent the deportation consequences of his plea, Hernandez fails to meet the cause prong of Strickland.

As to prejudice, Hernandez cannot show that, but for his counsel's advice, he would have pled not guilty and proceeded to trial. Hernandez offers nothing more than self-serving statements in attempting to show such prejudice. See Purdy v. Zales, 337 F.3d 253, 258 (2d Cir. 2003) (citing United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998), for the proposition that "in most circumstances a convicted felon's self-serving testimony is not likely to be credible."). However, with regard to such statements, "[t]he credibility determination should be

13

based on all relevant circumstances," Cullen v. United States, 194 F.3d 401, 408 (2d Cir. 1999), and here, the record suggests that Hernandez would have pled guilty regardless of his attorney's advice about the possibility of deportation. At the plea hearing, Hernandez informed the Court that he was not a citizen of the United States. Plea Tr. at 16. Although Hernandez asserts that the Court failed to inform him that he would be deported as a result of his plea, Petr.'s Decl. at ¶3, the Court specifically confirmed that Hernandez understood that he might face deportation consequences as a result of his guilty plea:

> THE COURT: Do you understand that another consequence of your guilty plea may be that you are removed from the United States or deported from the United States and that you may never be permitted to return to the United States, notwithstanding your status as a resident? Do you understand that that is another possible consequences of your guilty plea, that you may be deported?
>
> THE DEFENDANT: Yes.

Id.[3]

---

[3] Although Hernandez does not explicitly make a Rule 11 claim, it should be noted that these statements were not only accurate, for the reasons described supra, but also "served to put [the defendant] on notice that his guilty plea had potential immigration consequences and provided an opportunity to pursue those consequences more fully," which is "all

Furthermore, Hernandez has not established that if he had proceeded to trial, the final disposition of his case would have been different. Hernandez does not appear to dispute that he committed the acts to which he pleaded guilty, and other than the unsupported claim that he had an unspecified "viable defense to the offense charged," (Petr.'s Decl. at ¶ 7), Hernandez does not contend that the Government would have failed to convict him at trial. See, e.g., Ubiera, 2007 U.S. Dist. LEXIS 13329, at *16 (finding petitioner failed to establish ineffective assistance of counsel where, inter alia, petitioner did not deny guilt nor argue that Government would not have been able to convict him at trial). Compare Couto, 311 F.3d at 188 (finding that the facts of the case demonstrated a "probability beyond peradventure" that "but for counsel's errors, [the defendant] would not have pleaded guilty").

Because the record indicates that he was advised of and understood the consequences of his plea, as well as the fact that he does not dispute his guilt, Hernandez

---

that is required." Zhang v. United States, 506 F.3d 162, 169 (2d Cir. 2007).

15

fails to meet his burden under the prejudice prong of <u>Strickland</u>.

**Conclusion**

For the reasons stated above, Hernandez' motion is denied and his petition dismissed.

It is so ordered.

**New York, N.Y.**
**April 23, 2008**

                                                                    *Sweet*
                                                    ROBERT W. SWEET
                                                             U.S.D.J.